| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:20-CR-64(10) |
| | § | |
| REGINALD LURON GROSS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Reginald Luron Gross's ("Gross") *pro se* Motion for Modification of Protective Order (#539), wherein he requests the court to vacate the protective order entered during his criminal proceedings. The Government filed a response in opposition (#548). Gross filed a reply (#551). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

On July 1, 2020, a grand jury for the Eastern District of Texas, Beaumont Division, returned a two-count Indictment against Gross and fifteen co-defendants. Count 1 charged Gross with Conspiracy to Possess with Intent to Distribute a Controlled Substance (Heroin, Methamphetamine Actual, and Cocaine HCL), in violation of 21 U.S.C. § 846. The Government filed an Unopposed Motion for Entry of Protective Order Governing Disclosure of Case Materials on January 14, 2021 (#166), and the Protective Order was entered on January 19, 2021 (#171). The grand jury returned a First Superseding Indictment on July 8, 2021 (#323), still charging Gross with a violation of 21 U.S.C. § 846, but adding a notice of sentencing enhancement against Gross pursuant to 21 U.S.C. § 851.

This case went to trial as to Defendants Fernando Perez-Gomez and Gross on July 12, 2021. At the close of all the evidence, Gross moved orally for a directed verdict of acquittal,

which was denied. After deliberating, the jury returned a verdict of not guilty as to Gross on July 20, 2021 (#359). The court entered a Judgment of Acquittal regarding Gross on August 2, 2021 (#369).

In his Motion to Modify Protective Order (#539), Gross states that his defense counsel agreed to the protective order without any challenges and without his permission. Interestingly, Gross argues counsel's unwillingness to challenge the Government's Motion for Protective Order caused significant harm to his preparation of an adequate defense prior to trial, despite his ultimate acquittal. Gross seeks removal of the protective order to obtain possession of case material to utilize in a forthcoming civil suit under 42 U.S.C. § 1983 wherein he intends to assert a Fourth Amendment malicious prosecution claim.

II.     Analysis

"The standing doctrine defines and limits the role of the judiciary and is a threshold inquiry to adjudication." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975)); *see Va. House of Delegates v. Bethune-Hill*, 587 U.S. ___, 139 S. Ct. 1945, 1950 (2019) (recognizing that standing is required for an Article III court "[t]o reach the merits of a case"); *Singh v. RadioShack Corp.*, 882 F.3d 137, 150-51 (5th Cir. 2018). Standing to sue means that "a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972); *accord Singh*, 882 F.3d at 150-51; *Save Our Cmty. v. U.S. EPA*, 971 F.2d 1155, 1160 (5th Cir. 1992); *Ranolls v. Dewling*, 223 F. Supp. 3d 613, 617-18 (E.D. Tex. 2016). "In determining standing, the court must undertake a 'careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the

particular claims asserted.'" *Mugworld, Inc. v. G.G. Marck & Assocs., Inc.*, 563 F. Supp. 2d 659, 664 (E.D. Tex. 2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006)). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth*, 422 U.S. at 498; *accord Singh*, 882 F.3d at 150-51; *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 800 (5th Cir. 2012); *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008).

This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004); *Barrows v. Jackson*, 346 U.S. 249, 255-56 (1953). As the United States Supreme Court has explained:

> In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art. III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of justiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.

*Warth*, 422 U.S. at 498-99 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)); *see Fla. Dep't of Ins. v. Chase Bank of Tex., N.A.*, 274 F.3d 924, 929 (5th Cir. 2001), *cert. denied*, 535 U.S. 1097 (2002). "Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Warth*, 422 U.S. at 499; *Vt. Agency of Nat. Res. v. United States*, 529 U.S. 765, 772 (2000); *Fla. Dep't of Ins.*, 274 F.3d at 929. "A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal

action.'" *Warth*, 422 U.S. at 499 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)); *Rohm & Hass, Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994).

  To establish Article III standing, "a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *accord TransUnion v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190, 2204 (2021) (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 340 (2016)); *Lefebure v. D'Aquilla*, 15 F.4th 650, 653 (5th Cir. 2021); *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009). "The plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing these elements." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 855 (E.D. La. 2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)); *accord Va. House of Delegates*, 139 S. Ct. at 1951; *Singh*, 882 F.3d at 150-51; *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). An "injury in fact" means "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). The injury "must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. An injury in fact must be "real, and not abstract." *TransUnion LLC*, 141 S. Ct. at 2204 (quoting *Spokeo, Inc.*, 578 U.S. at 340). "[A] purported injury is not concrete for purposes of Article III unless it has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Perez v. McCreary, Veselka, Bragg, & Allen P.C.*, 45 F.4th 816, 821 (5th Cir. 2022) (citing *TransUnion LLC*, 141 S. Ct. at 2203). When a plaintiff lacks standing to sue in federal court, it is appropriate for the court to

dismiss the action for want of subject matter jurisdiction. *See Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir.), *cert. denied*, 583 U.S. 996 (2017); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Goberman v. Cascos*, No. 3:16-CV-0994-G, 2016 WL 3688604, at *2 (N.D. Tex. July 12, 2016).

In the context of modifications to protective orders, a party seeking to amend a protective order must still show an injury-in-fact to have standing before the court. *Doe v. Lansal, Inc.*, No. 08 C 5983, 2012 WL 707112, at *4 (N.D. Ill. Mar. 5, 2012). A party has an injury-in-fact if the protective order interferes with a party's claim of right in another court action. *Id.* at *3 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (1994)) ("In *Pansy*, there was standing because there was a claim of right, and the protective order had intervened with attempts in another court action to exercise that right.").

In this instance, Gross has failed to demonstrate that he has standing to seek rescission of the protective order in this case. While Gross states it is his intention to file a Fourth Amendment malicious prosecution case under 42 U.S.C. § 1983, he has not done so.[1] Gross's anticipated need

---

[1] The Supreme Court recently recognized a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983. *Thompson v. Clark*, 569 U.S. __, 142 S. Ct. 1332, 1337 (2022); *see also Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (recognizing *Thompson*). The court questions whether the Supreme Court would extend such a claim under a *Bivens* framework given recent jurisprudence. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Looper v. Jones*, No. 22-40579, 2023 WL 5814910, *1 (5th Cir. Sept. 8, 2023) ("The Supreme Court has repeatedly 'emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity.'") (quoting *Egbert v. Boule*, 596 U.S. __, 142 S. Ct. 1793 (2022)). Regardless, whether couched as a § 1983 claim or a claim under *Bivens*, it appears that any such civil suit is time-barred. Federal law does not provide a limitations period for a § 1983 or a *Bivens* action so courts look to the relevant state's statute of limitations governing personal injury claims. *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (*Bivens*); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (§ 1983). Texas's limitations period for personal injury claims is two years. *Spotts*, 613 F.3d at 573. While state law supplies the statute of limitations, "[f]ederal law defines the accrual of a *Bivens* claim, and under federal law the time begins to run when the plaintiff knows that he has been injured." *Kennedy v. Henman*, 33 F. App'x 704, 704 (5th Cir. Mar. 1, 2002). "The plaintiff's knowledge of the injury depends on two elements: (1) the existence of an injury; and (2) the connection between the injury and the defendant's action." *Brown v. Nationsbank*

for discovery in his civil case is not sufficient to establish an injury-in-fact. The protective order in this criminal case has not caused Gross an infringement on his claim of right to the protected documents in his anticipated civil rights lawsuit. *See Doe*, 2012 WL 707112, at *3–4. Furthermore, Gross's assertion of harm in his potential civil action is nothing more than a hypothetical claim and has not risen to an actual or imminent injury. *See Lujan*, 504 U.S. at 560.

Moreover, even if Gross could establish standing, the request to rescind the entire protective order is overbroad. Gross was charged in a criminal conspiracy which involved sixteen defendants. Five of the remaining defendants have yet to go to trial or accept a plea and three of these defendants agreed to the same protective order while their cases await final disposition.[2] Gross makes no effort to argue, let alone show, how rescission of the entire protective order involving discovery concerning a criminal conspiracy of sixteen defendants is proper. For the same reasons, Gross has failed to show good cause exists for rescission of the entire protective order. *See* FED. R. CRIM. P. 16(d)(1) ("[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); *see also United*

---

*Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). Here, the latest date Plaintiff knew he was njured would be on the date he was acquitted, July 20, 2021. The statute of limitations, therefore, ran on July 20, 2023. A Texas state law cause of action for malicious prosecution would be barred under a one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE 16.022 ("[a] person must bring suit for malicious prosecution . . . not later than one year after the day the cause of action accrues."). For statute of limitations purposes under Texas law, a malicious prosecution claim accrues upon termination of the criminal proceedings brought against the plaintiff. *See Leal v. Am. Nat'l Ins. Co.*, 928 S.W.2d 592, 596 (Tex. App. – Corpus Christi 1996).

[2] Defendants Juan Deloera, Eddy Montilla, and Wilkins Rodriguez agreed to the protective order, through counsel. Trial is currently set for Defendant Deloera on December 11, 2023. Defendants Montilla and Rodriguez absconded and failed to appear at a final pretrial conference scheduled for July 9, 2021. Defendants Clifford Singleton and Luis Diaz-Martinez have never been arrested or detained relating to the pending charges against them; thus, there is no governing protective order with respect to these two defendants. Defendants Montilla, Rodriguez, Singleton, and Diaz-Martinez are all considered fugitives. The Government dismissed the indictment against Defendant Leonel Cervantez-Ruiz on August 25, 2021; no protective order was ever sought before these charges were dismissed.

*States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) ("courts consider four factors when determining whether to modify a protective order. . . [g]ood cause is the most important of these factors."). While good cause includes "'changed circumstances or new situations' and 'the need to make information available for use in subsequent proceedings'; it also factors in 'the other party's need for protection.'" *Morales*, 807 F.3d at 723-24. With several cases still pending, the need for protection is still significant today.

III.    Conclusion

As Gross has failed to show he has suffered an injury-in-fact, he lacks standing before this court. Hence, Gross's *pro se* Motion for Modification of Protective Order (#539) is DENIED for lack of subject matter jurisdiction. Alternatively, Gross has failed to show good cause in requesting to rescind the entire protective order and the request is overbroad. Gross's pro se Motion for Modification of Protective Order (#539) is alternatively DENIED under Federal Rule of Criminal Procedure 16(d)(1).

SIGNED at Beaumont, Texas, this 2nd day of October, 2023.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE